E-FILED
Thursday, 26 March, 2026  12:33:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

DAMERIO MOYE,                        )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          25-2235
                                     )
LOGAN ANDERSON, *et al.*             )
                                     )
                    Defendants.      )

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff is presently incarcerated in Jerome Combs Detention Center in Kankakee, Illinois. He alleges that Defendant Anderson is a homicide detective with the Kankakee Sheriff's Department, and that Defendant Rowe was the Kankakee County State's Attorney.

Plaintiff alleges that, sometime in 2018, Defendant Anderson continued to interrogate

him after Plaintiff had invoked his Fifth Amendment right to counsel. Plaintiff alleges that Defendant Anderson then lied to the grand jury to indict Plaintiff for first degree murder. Plaintiff alleges that Defendant Rowe knew about these circumstances and still pursued criminal charges. Plaintiff alleges that these charges predicated his four-year incarceration in the Illinois Department of Corrections from 2019 until 2023.

Plaintiff alleges that he suffered physical, mental, and emotional injury, that several family members and close friends died while he was incarcerated, that he was assaulted by other inmates, that he got charged with a "jail house criminal case," and that he accrued medical and commissary expenses while he was so confined.

Plaintiff appears to assert three claims: (1) a Fifth Amendment claim based on the alleged continued interrogation after he invoked his right to counsel; (2) a Fifth Amendment fabricated evidence claim based upon Defendant Anderson's alleged presentation of false testimony before the grand jury; and (3) an Eighth or Fourteenth Amendment claim based on the conditions he allegedly endured while incarcerated.

Plaintiff does not provide information regarding whether he has successfully challenged his underlying conviction. If he has not, any claims based upon allegations that, if true, would necessarily imply the invalidity of that conviction have not yet accrued. *Heck v. Humphrey*, 512 U.S. 477 (1994). The information regarding when or if Plaintiff's claims accrued is also important for statute of limitations purposes, considering that Plaintiff alleges the relevant events occurred in 2018. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations.") (citation omitted). Defendant Rowe is absolutely immune from suit for any action he took in his capacity as a prosecutor, even claims for

malicious prosecution unsupported by probable cause. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

As to the first two claims, if a person being interrogated "states that he wants an attorney, the interrogation must cease until an attorney is present." *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). If the interrogation continues, the official nonetheless does not violate the Fifth Amendment "unless and until a statement is used in a criminal case against the person interrogated." *Gilbank v. Wood Cty. Dep't of Human Srvcs.*, 111 F.4th 754, 788 (7th Cir. 2024) (citing *Chavez v. Martinez*, 538 U.S. 760, 769 (2003)). Plaintiff does not provide any information regarding the nature of any statements he made after he invoked his right to counsel or to what extent any such statements may have been used in the ensuing prosecution. Plaintiff also does not specify the false information Defendant Anderson allegedly provided to the grand jury.

Plaintiff cannot hold those responsible for his prosecution and conviction liable for any conditions he endured while incarcerated. No plausible inference arises that Defendants Rowe and Anderson were responsible for conditions at the prison. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this**

**order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 26th day of March, 2026.


*Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE