E-FILED
Monday, 09 November, 2026 11:22:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DAMERIO MOYE, Plaintiff, | ) | |
| v. | ) | 25-2235 |
| LOGAN ANDERSON, *et al.* Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 6). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff is currently detained at Jerome Combs Detention Center in Kankakee, Illinois. Defendant Anderson is or was a detective with the Kankakee Police Department.

Plaintiff alleges that Defendant Anderson questioned him about a homicide sometime in 2018, during which Defendant Anderson told him he would tell Plaintiff's grandmother that Plaintiff was "a cold blooded killer." Plaintiff alleges that he "invoked my rights" thereafter, but that Defendant Anderson continued to interrogate him.

Plaintiff alleges that Defendant Anderson failed to obtain a grand jury indictment in 2018. He alleges that Defendant Anderson returned to the grand jury in 2019 after Plaintiff's release from prison on other charges and testified that Plaintiff admitted to shooting the victim. Plaintiff alleges he never made this statement. Plaintiff alleges he was tried and acquitted in 2023. Plaintiff alleges that he lost many close family members and has been held responsible for medical and commissary expenses over the relevant period.

**DISCUSSION**

Plaintiff did not name Jim Rowe, the State's Attorney that prosecuted him, as a defendant as he did in his original complaint, nor did he make any allegations regarding conditions he endured while detained or incarcerated. Any claims against Jim Rowe or related to conditions of confinement alleged in the original complaint are dismissed. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Plaintiff appears to assert two claims in his amended complaint: (1) a Fifth Amendment claim based on the alleged continued interrogation after he invoked his right to counsel; and (2) a Fifth Amendment claim based upon Defendant Anderson's alleged presentation of false testimony before the grand jury.

As to the first claim, if a person being interrogated "states that he wants an attorney, the interrogation must cease until an attorney is present." *Miranda v. Arizona*, 384 U.S. 436, 474

(1966). If the interrogation continues, the official nonetheless does not violate the Fifth Amendment "unless and until a statement is used in a criminal case against the person interrogated." *Gilbank v. Wood Cty. Dep't of Human Srvcs.*, 111 F.4th 754, 788 (7th Cir. 2024) (citing *Chavez v. Martinez*, 538 U.S. 760, 769 (2003)). A plaintiff must show "not only that the confession was coerced but also that his coerced confession was used against him in a criminal case." *Mack v. City of Chicago*, 151 F.4th 887, 900 (7th Cir. 2025).

Plaintiff does not allege any statements he made at the interrogation that were later used against him in the criminal proceedings—he alleges only that he never made the statement Defendant Anderson allegedly presented to the grand jury. If Plaintiff never made the statement, then Defendant Anderson could not have obtained it during the interrogation and any Fifth Amendment claim alleging an unlawful interrogation necessarily fails.

As to the second claim, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). Defendant Anderson is therefore immune from suit.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted and that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [6] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of November, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE